RECEIVED
IN ALEXANDRIA, LA

SEP - 8 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| QUINDALE ADDISON<br>D.O.C.#367461 | DOCKET NO: 09-CV-304; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION
## TO DISMISS CERTAIN DEFENDANTS

Before the court is the *pro se* civil rights complaint (42 U.S.C. §1983) of Plaintiff Quindale Addison, filed *in forma pauperis* on February 23, 2009. Addison is currently incarcerated at David Wade Correctional Center in Homer, Louisiana. He alleges that his constitutional rights were violated at Winn Correctional Center (WCC) when the defendants failed to protect him from harm inflicted by other inmates. Plaintiff names as defendants James LeBlanc, The GEO Group, Inc./Corrections Corporation of America (CCA), Tim Wilkinson, Officer B. Smith, and Officer Washington.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

### STATEMENT OF THE CASE

Plaintiff has alleged that, on November 26, 2007, he was standing at the cell bars at the front of his tier talking to one of the officers. Three inmates walked up on the other side of the bars and began threatening Plaintiff. They said that they were

going to beat him to death. [Doc. #1, p.5-6] Plaintiff began to argue with the three inmates through the bars. Plaintiff told the inmates to get away and that if they came on his tier, they would be hurt in return. At that point, one of the three inmates told Officer Washington to open the tier bars and let them onto Plaintiff's tier. Plaintiff told Washington that she better not open the bars. Washington said that she was "not about to let them come on [Plaintiff's] tier." [Doc. #1, p.6]

Washington ordered the three inmates to return to their own tier. The inmates continued to try and convince Washington to open the tier bars, so Plaintiff retreated to the back of his tier to get a weapon to use for protection. Plaintiff went back to the tier bars where the other three inmates were still making threats. In an effort to scare the inmates away, Plaintiff brandished the weapon and told the inmates that he would be forced to use it if they came onto his tier.

Plaintiff turned and began walking away from the bars. After walking approximately ten steps, he heard the tier bars open. When Plaintiff turned around, he saw all three inmates running at him. The inmates attacked Plaintiff and beat him until Lt. Melvin Braxton arrived. Plaintiff suffered a swollen jaw, swollen eyes, a busted lip, a three inch long gash on the top of his head, and bruised ribs and muscles. Plaintiff was placed in administrative segregation and transferred to David Wade Correctional Center seven

days later.

Plaintiff alleges that Officer B. Smith and Officer Washington were present prior to and during the altercation, that they heard the threats made against Plaintiff, and that they saw the weapon in Plaintiff's hands. Plaintiff also alleges that Officer Washington was fired from her job because of her actions in opening the tier bars to the three inmates.

Plaintiff sought redress through the administrative remedy process. The "First Step" response indicates that Plaintiff's allegations were without merit, but confirms that Officer Washington had been dismissed for her actions. [Doc. #5, p.1] Plaintiff was not satisfied with the response, so he proceeded to the "Second Step" in the process. His request was denied on March 31, 2008, and Plaintiff was informed that if he wanted to pursue relief, he "may do so by addressing your request to the Legal Division of The GEO Group, Inc." [Doc. #5, p.2]

## LAW AND ANALYSIS

Plaintiff names as defendants James LeBlanc, The GEO Group, Inc. / CCA, Tim Wilkinson, Officer Smith, and Officer Washington. Plaintiff has not alleged any facts involving Defendants LeBlanc, Wilkinson, The GEO Group, or CCA.

1. LeBlanc & Wilkinson

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's

health or safety only if he knows that the inmate faces a substantial risk of serious harm, and he disregards that risk by failing to take reasonable steps to abate it. See <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. <u>Id.</u>

"Personal involvement is an essential element of a civil rights cause of action." <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983). In fact, supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) they implement unconstitutional policies that causally result in the plaintiff's injuries. <u>Mouille v. City of Live Oak, Tex.</u>, 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff has not alleged any involvement by Wilkinson or Secretary LeBlanc in the events of November 26th, nor has he alleged facts that Wilkinson or LeBlanc implemented any unconstitutional policy or procedure.

Plaintiff's allegation that Secretary LeBlanc and Warden Wilkinson are responsible for the actions of their subordinates is insufficient to state a claim under §1983. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). Supervisory officials are not liable under §1983 for the actions of their subordinates on theories of vicarious liability or respondeat superior. See <u>Thompkins v. Belt</u>, 828 F.2d 298, 303 (5th Cir.

1987). Plaintiff's claims against Wilkinson and LeBlanc should be dismissed.

2. GEO Group and CCA

Plaintiff names as a defendant "The GEO Group Inc. / CCA" as owner of Winn Correctional. [Doc. #1, p.4] He seeks to hold the GEO Group Inc./CCA liable under 42 U.S.C. §1983 for the acts of its employees. However, just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private corporation is not vicariously liable under §1983 for its employees' deprivations of others' civil rights. See Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003)(extending municipal corporate liability under §1983 to private prison management corporations and their employees). A private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." Id. Plaintiff's complaint is devoid of any allegations that an official policy or custom of the GEO Group Inc./CCA was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights. Accordingly, Plaintiff's claims against the entity should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against defendants **James LeBlanc, The GEO Group Inc./CCA,** and **Tim Wilkinson** should be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and

failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

***Service of process will be ordered as to Plaintiff's Eighth Amendment claims against Officer B. Smith and Officer Washington.***

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE